**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RIP TECHNOLOGIES LLC,

      PLAINTIFF,

V.

THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,

      DEFENDANTS.

CASE NO.: 1:25-CV-08475

**COMPLAINT**

     Plaintiff, Rip Technologies LLC ("Rip" or "Plaintiff"), by its undersigned counsel, hereby complains of the Partnerships identified on Schedule A, attached hereto (collectively, the "Defendants"), and using at least the identified online marketplace accounts listed therein (collectively, the "Defendant Internet Stores" or "Seller Aliases"), and for its Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

     1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Federal Copyright Act, 17 U.S.C. § 501, *et seq.*, and 28 U.S.C. § 1338(a)-(b), 28 U.S.C. § 1331.

     2.    This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and in that the acts and events giving rise to this lawsuit, of which each Defendant stands accused, were undertaken in Illinois and in this Judicial District.

3. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. §1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since each Defendant directly targets consumers in the United States, including Illinois and this Judicial District, through the commercial Internet stores operating under the Seller Aliases. Defendants have targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold, and continues to sell counterfeit products that infringe upon Plaintiff's federally registered trademarks and/or federally registered copyrights. Defendants commit tortious acts, engage in interstate commerce, and wrongfully cause substantial injury in the State of Illinois.

## JOINDER

5. Joinder is proper pursuant to Federal Rule of Civil Procedure 20(a)(2) as Plaintiff's right to relief stems from the same series of transactions or occurrences, and questions of law and/or fact common to all defendants will arise in the action.

6. Plaintiff has filed, as **Exhibit 3** attached hereto, the Schedule A, list of defendant seller aliases, including the defendant store names and online marketplace accounts found to be selling Infringing Products. However, the true identities of the defendants — *i.e.*, the individuals and/or entities operating the Seller Aliases — are not yet known.

7. In Plaintiff's experience, a significant number of Seller Aliases are commonly operated by the same individuals and/or entities. However, it is not until the third-party

marketplaces produce the full registration data for these stores that Plaintiff will discover the identity or identities of the individuals and/or entities operating under the Seller Aliases.

8.      Given the similarities between the Defendant Internet Stores, and the likelihood that many, if not all, are owned and/or operated by the same individuals and/or entities, and for purposes of judicial efficiency, Plaintiff asserts that joinder of all Defendants is proper at this stage, as severing the case would mean that multiple stores with the same owner and/or operator would be adjudicated piecemeal and/or would need to be re-joined at a later date.

### INTRODUCTION

9.      This action has been filed to combat the online trademark and copyright infringement and counterfeiting of Defendants, who trade upon Plaintiff's valuable trademarks and/or copyrights by selling and/or offering for sale unauthorized, inauthentic, infringing, and counterfeit products in connection with Plaintiff's federally registered trademarks, as well as to stop and prevent Defendants' selling of unauthorized products that use, are based on, and/or are derived from copyrighted subject matter created by Plaintiff.

10.      Plaintiff is the owner of two federally registered trademarks (referred to herein as the "Haus and Hues Trademarks"), and two federally registered copyrights (referred to herein as the "Haus and Hues Copyrights"). The Haus and Hues Trademarks and the Haus and Hues Copyrights (collectively referred to as the "Haus and Hues Intellectual Property" or "Plaintiff's Intellectual Property") are listed in the table below, and are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively.

| HAUS AND HUES TRADEMARK REGISTRATIONS | | | |
|---|---|---|---|
| **REG. NO.** | **WORD/DESIGN MARK** | **CLASS(ES)** | **REG. DATE** |
| 6,175,254 | **HAUS AND HUES** | 016 - Art prints; Art prints on canvas; Graphic art prints; Posters | Oct. 13, 2020 |
| 7,555,146 | **Haus and Hues** | 016 - Framed art pictures; Framed art prints; Framed photographs; Printed posters | Nov. 05, 2024 |

| HAUS AND HUES COPYRIGHT REGISTRATIONS | |
|---|---|
| **HAH-01** | **HAH-02** |
| (U.S. Reg. No. VA0002436106) | (U.S. Reg. No. VA0002436107) |



11.    In an effort to illegally and deceptively profit from the unauthorized use of the Haus and Hues Intellectual Property, Defendants created numerous Defendant Internet Stores, intentionally designed in look, feeling, and suggestion to give the impression to consumers that they are legitimate merchants and marketplace accounts selling products manufactured by, or authorized by, Plaintiff, with Defendants' ultimate intention being to deceive unknowing consumers into purchasing unauthorized and infringing Haus and Hues Products (hereinafter referred to as the "Counterfeit Products").

12.    Defendant Internet Stores share numerous unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between Defendants, and suggesting that Defendants' illegal operations arise out of the same

transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation.

13.     Plaintiff filed this action to combat Defendants' ongoing infringement of Plaintiff's Intellectual Property. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, loss of control over the creative content, and loss of exclusivity over its valuable trademarks and copyrights as a result of Defendants' actions, and is thus seeking injunctive and monetary relief.

## THE PLAINTIFF

14.     Plaintiff, Rip Technologies LLC d/b/a Haus and Hues, is a limited liability company, based out of the Wynwood Arts District of Miami, Florida, with its primary offices located in Mount Sterling, Kentucky. Plaintiff specializes in premium art prints and frames. The brand was founded by individuals who began creating artwork to decorate their dorm rooms, addressing a lack of affordable, stylish art that reflected their personal styles. Haus and Hues offers a wide range of photo frames and posters in various sizes and designs. The Haus and Hues products include different types of frames such as walnut, beige, black, natural wood, and more, as well as posters with various themes like retro video games, smiley faces, and minimalist designs (the "Haus and Hues Products").

15.     Plaintiff sells the Haus and Hues Products primarily online, on it's own e-commerce website: hausandhues.com. The following are examples of genuine Haus and Hues Products:



*See* Plaintiff's website at https://hausandhues.com

16.     Additionally, Plaintiff also sells the Haus and Hues Products on various online marketplaces such as Amazon, Target, Wayfair, and Etsy. For example:



17.     The Haus and Hues Products are manufactured to a high-quality standard. Plaintiff is committed to sustainability, using recycled paper from FSC-certified mills and printing and packaging in-house to ensure environmental consciousness.

18.     Plaintiff is the sole owner and rightsholder of the Haus and Hues Trademarks. The Haus and Hues Trademarks are inherently distinctive, valid, subsisting, and in full force and effect;

have been used exclusively and continuously; and identify products as merchandise originating from Plaintiff, including the Haus and Hues Products. The registrations of the Haus and Hues Trademarks constitutes *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the Haus and Hues Trademarks, pursuant to 15 U.S.C. § 1057(b).

19.     Plaintiff is also the sole owner, creator, and rightsholder of the Haus and Hues Copyrights. The Haus and Hues Copyrights consist of multiple images featuring the Haus and Hues Products, and the images were created for marketing and promotional purposes, including the marketing and promotion of the Haus and Hues Products.

20.     Plaintiff has expended significant time, energy, money, and resources into promoting Haus and Hues Products, investing approximately $2,500,000 annually. The Haus and Hues Products have been featured in publications like Teen Vogue and People. As such, the recognition and goodwill associated with the brand is of incalculable and inestimable value to the Plaintiff.

21.     The success of the Haus and Hues Products is due in large part to the marketing, promotional, and distribution efforts of Plaintiff as well as the use of high-quality materials and processes in making the Haus and Hues Products.

22.     As a result of these efforts, members of the public have become familiar with the Haus and Hues Products and the Haus and Hues Intellectual Property, and associate them exclusively with Plaintiff.

23.     Plaintiff has made efforts to protect its interests in and to the Haus and Hues Intellectual Property. Plaintiff and its authorized licensees are the only businesses and/or individuals authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the

Haus and Hues Intellectual Property. Plaintiff has not licensed or authorized Defendants to use the Haus and Hues Intellectual Property.

**THE DEFENDANTS**

24. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including Illinois, and within this Judicial District, through the operation of fully interactive online marketplace accounts operating under the Seller Aliases. Defendants target the United States, including Illinois, and, upon information and belief, have sold and continues to sell Counterfeit Products to consumers within the United States, Illinois, and this Judicial District.

**THE DEFENDANTS' UNLAWFUL CONDUCT**

25. The success of the Haus and Hues Products has resulted in significant counterfeiting and intentional copying. Plaintiff has implemented an anti-counterfeiting program and identified numerous Seller Aliases linked to fully interactive marketplace listings , including the Defendant Internet Stores, which are offering for sale, selling, and importing Counterfeit Products to consumers in this Judicial District and throughout the United States. The Defendant Internet Stores operate on the following online marketplaces: AliExpress, Inc. ("AliExpress"), Amazon, Inc. ("Amazon"), eBay, Inc. ("eBay"), WhaleCo. Inc. d/b/a Temu ("Temu"), and Walmart, Inc. ("Walmart") (collectively referred to herein as the "Online Marketplaces").

26. Internet counterfeiters like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $350 billion in annual online sales.[1] According to an intellectual property rights seizures statistics report issued by Homeland Security and the U.S.

---

[1] *See* "2020 Review of Notorious Markets for Counterfeiting and Piracy," OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, Executive Office of the President. 85 FR 62006 (October 1, 2020).

Customs and Border Protection, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2020 was over $1.3 billion.[2] Internet counterfeiters like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.*

27.     As addressed in the *New York Times* and by the U.S. Dept. of Homeland Security, and as reflected in the increase of federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the above mentioned Online Marketplaces, an astronomical number of counterfeit and infringing products are offered for sale and sold on these online marketplaces at a rampant rate.[3]

28.     Upon information and belief, Defendants facilitate sales by designing their Internet stores and product listings to appear to unknowing consumers as authorized online retailers, outlet stores, or wholesalers selling genuine Haus and Hues Products. The Defendant Internet Stores perpetuate an illusion of legitimacy using indicia of authenticity and security that consumers have come to associate with authorized retailers.

29.     Upon information and belief, Defendants also deceive unknowing consumers by using the Haus and Hues Trademarks without authorization within the content, text, and/or metatags of their marketplace accounts, in order to attract and manipulate search engines into identifying the Defendant Internet Stores as legitimate sources of authentic Haus and Hues Products. Defendants also employ other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores show up at or near the top of

---

[2] *See* "Intellectual Property Rights Fiscal Year 2020 Seizure Statistics," U.S. CUSTOMS AND BORDER PROTECTION. CBP Publication No. 1542-092 (September 21, 2021).
[3] *See* Ganda Suthivarakom, *Welcome to the Era of Fake Products*, N.Y. TIMES (Feb. 11, 2020), https://www.nytimes.com/wirecutter/blog/amazon-counterfeit-fake-products/. *See also Combating Trafficking in Counterfeit and Pirated Goods*, U.S. DEPT. OF HOMELAND SECURITY (Jan. 24, 2020), available at https://www.dhs.gov/sites/default/ files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.

relevant search results, including tactics to propel new domain names to the top of search results after others are shut down. These tactics are meant to, and are successful in, misdirecting consumers searching for genuine Haus and Hues Products.

30. Upon information and belief, Defendants operate in a collective and organized manner: Defendants monitor various trademark infringement litigation alert websites; copy each other's product listing titles, descriptions, and infringing images; frequently communicate with one another; and use these and other collective efforts to avoid liability and intellectual property enforcement efforts.[4] Furthermore, there is a substantial evidentiary overlap in Defendants' behavior, conduct, and individual acts of infringement constituting a collective enterprise.

31. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Internet Stores are incomplete, contain randomly typed letters, or fail to include cities or other relevant information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the Seller Aliases, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

32. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores, including, but by no means limited to: (1) virtually identical product listings and products sold; (2) use of the same altered product listing images, as well as the same ordering of said images; (3) use of identical or nearly-identical language that includes

---

[4] For this reason, Plaintiff is concurrently filing a Motion For Leave to File Certain Documents Under Seal.

spelling and grammar errors; and, (4) other notable common features, such as the use of the same store naming conventions, registration patterns, metadata, lack of contact information, identically or similarly priced items, and volume sales discounts,.

33. Further, illegal operators, like Defendants, typically operate multiple payment processor and merchant accounts, including but not limited to, one or more financial accounts operated through platforms such as PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. ("Stripe"), eBay, Inc. ("eBay"), Alipay US, Inc. ("Alipay"), and Amazon Payments, Inc. ("Amazon Payments")(collectively referred to herein as the "Payment Processors"), and hide behind layers of payment gateways so they can continue operation in spite of any enforcement efforts. Additionally, and upon information and belief, and as financial transaction logs in previous similar cases have shown, Defendants often maintain offshore bank accounts and regularly move funds from their Payment Processor accounts to said offshore bank accounts, outside the jurisdiction of this Court.

34. Defendants, without any authorization or license, have knowingly and willfully infringed Plaintiff's rights in the Haus and Hues Intellectual Property in connection with the manufacturing, advertisement, distribution, offering for sale, and sale of illegal, infringing, and counterfeit products into the United States and Illinois.

35. In committing these acts, Defendants have, among other things, willfully and in bad faith, committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed upon and used counterfeit versions of the Haus and Hues Trademarks and Haus and Hues Copyrights; created, manufactured, sold, and/or offered to sell the Counterfeit Products; used the Haus and Hues Intellectual Property in an unauthorized manner in order to sell, advertise, describe, mislead, deceive, and trade upon the Haus and Hues brand; engaged in unfair competition; and unfairly and unjustly profited from such activities at the expense of Plaintiff.

36.     Plaintiff does not yet know the full extent and identity of the channels through which Defendants source and sell the Counterfeit Products. Defendants directed, supervised, and/or controlled activity infringing on Plaintiff's Trademarks and/or Copyrights, and the sale of Counterfeit Products. Defendants have a direct financial interest in, and gain a direct financial benefit from their infringing activity and realize profits from the sale of the Counterfeit Products.

37.     By engaging in the illegal conduct outlined herein, in addition to directly organizing and effectuating such infringing activities, each Defendant also induced, caused, and materially contributed to infringing conduct by others, including the other Defendants. There is a causal relationship between the infringing activity and the financial benefit reaped by Defendants.

38.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

39.     Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-38 as if fully set forth herein.

40.     Plaintiff is the owner of the distinctive federally registered Haus and Hues Trademarks, which have significant value to Plaintiff.

41.     Defendants have used the Haus and Hues Trademarks without authorization in commerce and/or offered the Counterfeit Products featuring the federally registered Haus and Hues Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of the Counterfeit Products.

42.     Without the authorization or consent of Plaintiff, and with knowledge of Plaintiff's ownership rights in its Haus and Hues Trademarks, and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied, and colorably imitated the Haus and Hues Trademarks and/or used spurious designations that are

12

identical with, or substantially indistinguishable from, the Haus and Hues Trademarks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of the Counterfeit Products.

43.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiff and the Haus and Hues Products, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the Haus and Hues Trademarks through their participation in such activities.

44.     Defendants have applied their reproductions, counterfeits, copies, and colorable imitations of the Haus and Hues Trademarks to packaging, point-of-purchase materials, promotions, and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Defendants' Counterfeit Products, which is likely to (1) cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products and (2) deceive consumers, the public, and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiff, through which Defendants make substantial profits and gains to which they are not entitled in law or equity.

45.     Defendants' unauthorized use of the Haus and Hues Trademarks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff, and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Haus and Hues Trademarks.

13

46.     Defendants intentionally induce others to infringe upon the Haus and Hues Trademarks and/or continue to supply services with the knowledge that such services result in trademark infringement. Defendants have the right and ability to supervise the infringing activity and have an obvious and direct financial interest in the counterfeit activity.

47.     Defendants' actions constitute willful counterfeiting of the Haus and Hues Trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

48.     Defendants' continued intentional use of the Haus and Hues Trademarks without the consent or authorization of Plaintiff, constitutes intentional infringement of Plaintiff's federally registered Haus and Hues Trademarks in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

49.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss, irreparable injury, and damage to Plaintiff, its business, its reputation, and its valuable rights in and to the Haus and Hues Trademarks and the goodwill associated therewith, in an amount as yet unknown. Plaintiff has no adequate remedy at law for this injury, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable harm, loss, and damage to Plaintiff and its valuable Haus and Hues Trademarks.

50.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to immediate injunctive relief; damages for the irreparable harm that Plaintiff has sustained, and will continue to sustain, as a result of Defendants' unlawful and infringing actions; all gains, profits, and advantages obtained by Defendants as a result of their unlawful and infringing actions; enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per-

14

counterfeit mark per-type of goods sold, offered for sale, and/or distributed; and reasonable attorneys' fees and costs.

## COUNT II
## FALSE DESIGNATION OF ORIGIN, PASSING OFF, & UNFAIR COMPETITION
### (15 U.S.C. § 1125(a)/LANHAM ACT § 43(a))

51.     Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-38 as if fully set forth herein.

52.     Plaintiff, as the owner of all right, title, and interest in and to the Haus and Hues Trademarks has standing to bring an action for false designation of origin and unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125).

53.     The Haus and Hues Trademarks are registered with the United States Patent and Trademark Office on the Principal Register; the Haus and Hues Trademarks are inherently distinctive, have been continuously used, and have never been abandoned; and the registrations for the Haus and Hues Trademarks are valid, subsisting, and in full force and effect.

54.     Defendants' promotion, marketing, offering for sale, and sale of the Counterfeit Products has created, and continues to create, a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendants' Counterfeit Products by Plaintiff.

55.     By using the Haus and Hues Trademarks in connection with the sale of unauthorized products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the unauthorized products.

56.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of Section 43 of the Lanham Act (15 U.S.C. § 1125).

57.     Upon information and belief, Defendants' aforementioned wrongful actions were committed knowingly, deliberately, willfully, and with full intention to confuse, mislead, and deceive the purchasing public by trading on the goodwill and reputation of Plaintiff, its Haus and Hues Products, and the Haus and Hues Trademarks.

58.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its Haus and Hues Products and by depriving Plaintiff of the value of its Haus and Hues Trademarks as commercial assets in an amount as yet unknown.

59.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## <u>COUNT III</u>
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

60.     Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-38 as if fully set forth herein.

61.     Defendants have engaged in acts violating Illinois law, including, but not limited to, passing off their unauthorized products as those of Plaintiff, causing a likelihood of confusion with the Haus and Hues Trademarks or the Haus and Hues Products, and/or create a misunderstanding as to the source of Defendants' goods and whether there is an authorized or authentic affiliation, connection, or association with genuine Haus and Hues Products.

62.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq.*).

63.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

<u>**COUNT IV**</u>
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))**

64.     Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-38 as if fully set forth herein.

65.     The Haus and Hues Copyrights are the subject of valid copyright registrations, which have significant value to Plaintiff.

66.     At all relevant times, Plaintiff has held all exclusive rights, titles, and interests to creative works belonging to Plaintiff, including but not limited to the Haus and Hues Copyrights.

67.     Upon information and belief, Defendants had access to the copyrighted work through Plaintiff's normal business activities. After accessing Plaintiff's copyrighted work, Defendants wrongfully and intentionally created reproductions of the copyrighted work that they distributed without Plaintiff's knowledge, authorization, or consent. As a result, Defendants have engaged in, and continue to engage in, acts of widespread infringement.

68.     Defendants, without the permission or consent of the Plaintiff, have sold, and continue to sell products while using Plaintiff's Copyrights in an infringing manner. Defendants have violated Plaintiff's exclusive rights to use, reproduce, display, and distribute the images protected by the Haus and Hues Copyrights. Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §§ 106 and 501, *et seq*.).

69.     Further, as a direct result of the Defendants' copyright infringement, Defendants have obtained profits they would not have otherwise realized but for their infringement of the Haus

and Hues Copyrights. Therefore, Plaintiff is entitled to disgorgement of Defendants' profits, both directly and indirectly attributable to said infringement.

70.     Defendants intentionally induce others to infringe upon the Haus and Hues Copyrights and/or continue to supply services with the knowledge that such services result in copyright infringement. Defendants have the right and ability to supervise the infringing activity and have an obvious and direct financial interest in the infringing activity.

71.     Defendant's actions constitute willful copyright infringement of to the Haus and Hues Copyrights in violation of 17 U.S.C. § 504.

72.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law. As such, pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Haus and Hues Copyrights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1)  That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the Haus and Hues Intellectual Property, or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Haus and Hues Product, or is not authorized by Plaintiff to be sold in connection with Plaintiff's Intellectual Property;

b. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using Plaintiff's Intellectual Property;

c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which bear the Haus and Hues Trademarks and/or Copyrights;

d. further infringing Plaintiff's Intellectual Property and damaging Plaintiff's goodwill;

e. using, linking to, transferring, selling, exercising control over the Defendant Internet Stores, Defendant product listings, or any online marketplace accounts that are being used to sell products or inventory not authorized by Plaintiff which use Plaintiff's Intellectual Property;

f. operating and/or hosting seller accounts at the Defendant Internet Stores, and any other seller accounts registered to or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff which use Plaintiff's Intellectual Property;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Online Marketplaces and Payment Processors, and any related entities; social media platforms such as Facebook, YouTube, TikTok, and Twitter; and Internet search engines such as Google, Bing, and Yahoo shall:

    a.   disable and cease providing services for any accounts through which Defendants engage in the sale of unauthorized products, which use Plaintiff's Intellectual Property, including any accounts associated with Defendants listed on Schedule A;

    b.   disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which use Plaintiff's Intellectual Property; and,

    c.   take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

3) That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

4) For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered Haus and Hues Trademarks, pursuant to 15 U.S.C. § 1114 *et seq.*;

5) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at the election of Plaintiff, and that the amount of damages for infringement are increased by a sum not to exceed three times the amount thereof as provided by 15 U.S.C. § 1117;

6) For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered Haus and Hues Copyrights, pursuant to 17 U.S.C. § 501 *et seq.*;

7) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at the election of Plaintiff, pursuant to 17 U.S.C. § 504;

8) That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

9) Any and all other relief that this Court deems just and proper.

Dated: July 23, 2025                    Respectfully submitted,

                                        */s/ John J. Mariane*
                                        Ann Marie Sullivan
                                        Alison K. Carter
                                        Gouthami V. Tufts
                                        John J. Mariane

                                        **SULLIVAN & CARTER, LLP**
                                        111 W. Jackson Blvd., Ste 1700
                                        Chicago, Illinois 60604
                                        www.scip.law
                                        929-724-7529
                                        j.mariane@scip.law

                                        ***ATTORNEYS FOR PLAINTIFF***